**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 22-3427
_____

UNITED STATES OF AMERICA

v.

ROBERT PACHECO,
                                                    Appellant
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Criminal No. 1:19-cr-00082-013)
District Judge:  Honorable Christopher C. Conner
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
October 24, 2023

Before:  KRAUSE, FREEMAN, and MONTGOMERY-REEVES, *Circuit Judges*.

(Filed: February 1, 2024)
_____

OPINION[*]
_____

---

[*]This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Montgomery-Reeves, *Circuit Judge.*

In 2022, Robert Pacheco admitted that he violated the terms of his supervised release, and the District Court sentenced him to 14-months imprisonment and two years of supervised release. Pacheco appealed. Pacheco's appointed counsel ("Counsel") now seeks to withdraw under *Anders v. California*, 386 U.S. 738 (1967). Because we agree that Pacheco's appeal lacks any issue of arguable merit, we will grant the motion to withdraw.

## I.    BACKGROUND

In 2021, Pacheco pleaded guilty to a distribution-of-heroin charge, received a sentence below the applicable sentencing range under the Federal Sentencing Guidelines (the "Guidelines") for time served, and began a three-year term of supervised release. In November 2022, the probation office initiated revocation proceedings based on reports that Pacheco violated the terms of his supervised release. At the final revocation hearing, Pacheco confirmed that he reviewed the petition for revocation with Counsel and understood the charged violations and the sentencing range for his violations. Pacheco admitted to multiple violations, which included "the unauthorized use of a vehicle, driving without a license, the failure to go to the substance abuse assessments, [and] failure to make appropriate reporting of contact with law enforcement[.]" App. 60. During his allocution, Pacheco apologized and acknowledged that he "messed up." App. 61. Pacheco then requested to be released on an ankle monitor. To support his request, Pacheco cited to his five-year sobriety from heroin, his year-long employment, and his experience

with wearing an ankle monitor. The government opposed this request and argued for a sentence at the top of the applicable Guidelines range.

The District Court denied Pacheco's request and sentenced him at the top of the applicable Guidelines range. App. 62. The District Court explained that Pacheco's "sheer number of violations demonstrates a certain amount of incorrigible behavior" that required a sentence at the top of the applicable Guidelines range. *Id.* Pacheco timely filed a notice of appeal. Then, Pacheco's Counsel filed the instant motion to withdraw from representation.

## II.    DISCUSSION[1]

When, after reviewing the District Court record, "counsel is persuaded that the appeal presents no issue of even arguable merit, counsel may file a motion to withdraw and supporting brief pursuant to *Anders v. California*, 386 U.S. 738 (1967)." 3d Cir. L.A.R. 109.2(a). In considering the motion, we must determine: "(1) whether counsel's brief in support of [his] motion fulfills the requirements of L.A.R. 109.2(a); and (2) whether an independent review of the record presents any non-frivolous issues." *United States v. Langley*, 52 F.4th 564, 569 (3d Cir. 2022).

An *Anders* brief fulfills the requirements of Rule 109.2(a) if it shows that counsel "has thoroughly examined the record in search of appealable issues" and "explains why those issues are frivolous." *Id.* Counsel's brief identifies four potentially appealable issues: (1) the District Court's proper exercise of jurisdiction and its authority to revoke

---

[1] This Court has jurisdiction under 28 U.S.C. § 1291. The District Court had jurisdiction under 18 U.S.C. § 3231.

3

Pacheco's supervised release; (2) Pacheco's record admissions that he violated the conditions of his release multiple times, demonstrating that sufficient evidence existed to revoke his term of supervised release; (3) Pacheco's confirmation to the District Court that he, with the assistance of Counsel, reviewed and understood the charged violations and the applicable Guidelines; and (4) the District Court's explanation, guided by the 18 U.S.C. § 3553(a) factors, for sentencing Pacheco at the top of the Guidelines range. Related to the imposed sentence, the brief also addresses Pacheco's argument that he should have been released on an ankle monitor. The brief fully explains why all these arguments are frivolous based on the applicable law. Thus, we are satisfied that Counsel's brief identifies the potentially appealable issues and explains why they are frivolous.

Having determined that Counsel's brief meets the rule's requirements, we move to step two—an independent review of the record.[2] Because the Court is guided by Counsel's brief, we will conduct an independent review of the issues identified in Counsel's brief.[3] *See, e.g.*, *United States v. Youla*, 241 F.3d 296, 301 (explaining that, in engaging in its independent review, the Court limits its examination of the record to parts

---

[2] We review challenges to a District Court's sentencing decisions for an abuse of discretion. *United States v. Tomko*, 562 F.3d 558, 561 (3d Cir. 2009). And we review challenges to the District Court's factual determinations "underlying the denial of a Sentencing Guidelines reduction for acceptance of responsibility for clear error[.]" *United States v. Lessner*, 498 F.3d 185, 199 (3d Cir. 2007) (explaining that reversal is proper "only if we are left with a definite and firm conviction that a mistake has been committed").

[3] The government filed a brief supporting Counsel's motion to withdraw. Pacheco did not file a *pro se* brief.

identified by an adequate *Anders* brief).  As discussed above, Counsel's brief identifies four potential issues for appeal.  We agree with Counsel that the District Court had jurisdiction to revoke Pacheco's supervised release, Pacheco's admissions provided sufficient proof that he violated his release conditions, and Pacheco's waiver of his right to a revocation hearing was knowing and voluntary.  Only the fourth issue Counsel identified warrants further discussion: the reasonableness of Pacheco's top-of-the-Guidelines sentence for violations of the terms of his supervised released.[4]

A sentencing court abuses its discretion if the sentence imposed is unreasonable. *United States v. Cooper*, 437 F.3d 324, 326 (3d Cir. 2006).  A sentence is procedurally reasonable if the sentencing court accurately calculates the applicable Guidelines range, considers all departure motions, and considers the relevant § 3553(a) factors.  *United States v. Gunter*, 462 F.3d 237, 247 (3d Cir. 2006).  A sentence is substantively reasonable unless the Court determines "no reasonable sentencing court would have imposed the same sentence on that particular defendant for the reasons the district court provided."  *Tomko*, 562 F.3d at 568.

Any challenge to the reasonableness of Pacheco's sentence would be frivolous. First, the transcript reveals that the District Court accurately calculated the applicable Guidelines range, heard argument on and considered Pacheco's request for a below-Guidelines sentence, and considered the applicable § 3553(a) factors.  Neither Pacheco

---

[4] We review challenges to a District Court's sentencing decisions for an abuse of discretion.  *United States v. Tomko*, 562 F.3d 558, 561 (3d Cir. 2009).

5

nor his Counsel challenged the District Court's application of the § 3553(a) factors or the calculated Guidelines range. And as the Supreme Court established in *Rita v. United States*, sentences within the applicable Guidelines range are presumed reasonable. 551 U.S. 338, 347 (2007). Second, any argument that "no reasonable sentencing court" would have imposed a sentence at the top of the applicable Guidelines range is also frivolous. Thus, to the extent this issue identifies a challenge to substantive reasonableness, it does not constitute an issue of arguable merit warranting appellate review.

## III. CONCLUSION

For these reasons, we will grant Counsel's motion to withdraw and affirm the District Court's judgment of sentence.